OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 19, 2002

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JC-0578

Re: Whether a rider to the appropriation for the Texas Historical Commission authorizes the expenditure of funds for the restoration and preservation of the San Fernando Cathedral (RQ-0565-JC)

Dear Senator Madla:

You ask whether Rider 20 of the 2002-03 biennial appropriation to the Texas Historical Commission authorizes the expenditure of funds for the restoration and preservation of the San Fernando Cathedral in San Antonio. Rider 20, which purports to govern the appropriation of funds to the commission for the Historic Courthouse Preservation Program, does not refer to a cathedral or otherwise suggest that it authorizes the use of appropriated funds for restoring and preserving the San Fernando Cathedral in San Antonio. The rider moreover attempts to amend general law governing the program in violation of article III, section 35 of the Texas Constitution, and to the extent it does so, is unconstitutional and of no effect. Funds appropriated for the purposes of the program may only be used for the preservation of historic courthouses in accordance with the provisions of Government Code sections 442.0081-.0083. *See* TEX. GOV'T CODE ANN. §§ 442.0081-.0083 (Vernon Supp. 2002).

The Texas Historical Commission "shall administer a historic courthouse preservation program," and "shall adopt rules necessary to implement the . . . program." *Id.* § 442.0081(a), (h); *see also* 13 TEX. ADMIN. CODE §§ 12.1-.9 (2002) (commission rules). "The historic courthouse preservation fund account" is established by statute as "a separate account in the general revenue fund" and consists of funds transferred to the account, loan payments under the program, grants and donations, and income earned on the investment of money in the account. TEX. GOV'T CODE ANN. § 442.0083(a) (Vernon Supp. 2002). "Appropriations to the commission for the historic courthouse preservation program shall be deposited to the credit of the account." *Id.*

A county that owns a historic courthouse may apply to the commission for a grant or loan for a historic courthouse project, stating in the application whether the courthouse is currently functioning as a courthouse and providing the other information required by Government Code section 442.0081(b) and by commission rule. *See id.* § 442.0081(b). "[T]he commission may use money in the historic courthouse preservation fund account to provide a grant or loan to a county

that owns a historic courthouse for a historic courthouse project." *Id.* § 442.0083(b). A "[h]istoric courthouse" is "a county courthouse that is at least 50 years old." *Id.* § 442.001(1). The official date of service is defined by commission rule as "the date of the first official commissioners court meeting in the building." 13 TEX. ADMIN. CODE § 12.5(4) (2002); *see also* TEX. LOC. GOV'T CODE ANN. § 291.001(1) (Vernon 1999) (commissioners court of a county shall provide a courthouse at the county seat).

The current appropriation to the Texas Historical Commission appropriates a sum of money in each year of the biennium for the following purpose:

**A.1.5. Strategy:** COURTHOUSE PRESERVATION

Provide financial and technical assistance through the Texas Historic Courthouse Preservation Program for critical courthouse preservation projects.

General Appropriations Act, 77th Leg., R.S., ch. 1515, art. I, 2001 Tex. Gen. Laws 5411, 5484. This item of appropriation provides funding for "critical courthouse preservation projects" within the program. Rider 20 provides as follows:

**Courthouse Preservation Grants.** Funds appropriated above to Strategy A.1.5, Courthouse Preservation, may be used for a courthouse or historic structure previously designated by municipal ordinance as the legal center of a county and that is listed on the National Register of Historic Places.

General Appropriations Act, 77th Leg., R.S., ch. 1515, art. I, 2001 Tex. Gen. Laws 5411, 5488. *See generally Jessen Assocs., Inc. v. Bullock*, 531 S.W.2d 593, 596 (Tex. 1975); Tex. Att'y Gen. Op. No. M-1199 (1972) (a "rider" is a provision of text included in an appropriations act).

Rider 20 does not appropriate funds itself but purports to govern the funds appropriated to Strategy A.1.5 for the Historic Courthouse Preservation Program established under Government Code sections 442.0081-.0083. The rider does not, as a matter of statutory construction, authorize the use of the appropriation item designated as Strategy A.1.5 for restoring the San Fernando Cathedral. A courthouse, in the usual sense of the word, does not include a cathedral, which is "[t]he principal church of a diocese." II OXFORD ENGLISH DICTIONARY 986 (2d ed. 1989). *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases shall be read in context and construed according to the rules of common usage). A "historic courthouse," moreover, must be owned by a county. *See id.* § 442.001(1) (Vernon Supp. 2002). The San Fernando Cathedral belongs to the Catholic Archdiocese of San Antonio. *See* THE HANDBOOK OF TEXAS ONLINE, *San Fernando de Bexar Cathedral*, http://www.tsha.utexas.edu/handbook/online/index.new.html (visited Oct. 21, 2002). Accordingly, Rider 20 does not authorize the use of appropriated funds for the restoration and preservation of the San Fernando Cathedral in San Antonio.

If Rider 20 in fact stated that an appropriation for the Historic Courthouse Preservation Program could be used to restore and preserve a cathedral, it would be unconstitutional and void under Texas Constitution article III, section 35, the "Unity-in-Subject" clause. *See Strake v. Ct. App.*, 704 S.W.2d 746, 748 (Tex. 1986). Article III, section 35 states in part:

> (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

TEX. CONST. art. III, § 35(a).

An appropriations bill is limited to a single subject, the appropriation of funds from the treasury, but it may include multiple "items of appropriation," each of which sets aside or dedicates a sum of money for a stated purpose. *Jessen*, 531 S.W.2d at 598. An "item of appropriation," such as Strategy A.1.5 which appropriates funds for courthouse preservation, sets aside or dedicates funds for a specified purpose. *See id.* at 599. A rider may detail, limit or restrict the use of funds appropriated elsewhere in the act or may otherwise insure that money is spent for the purpose for which it is appropriated. *See* Tex. Att'y Gen. Op. No. V-1254 (1951) at 17. Because an appropriations act is limited to the single subject of appropriating funds, a general law may not be enacted, amended, or repealed in such act. *See Moore v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946), *Linden v. Finley*, 49 S.W. 578, 579 (Tex. 1899), Tex. Att'y Gen. Op. No. V-1254 (1951) at 7; *see also* Tex. Att'y Gen. Op. Nos. DM-81 (1992) at 3, MW-51 (1979) at 5 (rider may not impose affirmative requirement on state officer or employee). A rider to an appropriations act must relate to the appropriation of funds, and if a rider attempts to alter existing substantive law, it is a general law that may not be included in the appropriations act. *See Strake*, 704 S.W.2d at 748.

As we have already noted, general law designates a separate account in the general revenue fund to use for historic courthouse preservation and provides that money in the account may be used to provide a grant or loan "to a county that owns a historic courthouse for a historic courthouse project." TEX. GOV'T CODE ANN. § 442.0083(a), (b) (Vernon Supp. 2002). Thus, if Rider 20 purports to authorize the grant or loan of funds designated for the Historic Courthouse Preservation Program to an entity other than a county or for a purpose other than a historic courthouse project, it would unconstitutionally attempt to amend these general law provisions in violation of article III, section 35.

Rider 20 as enacted does attempt to amend general law. It purports to allow funds designated for the Historic Courthouse Preservation Program to be used for buildings that do not qualify for funding under that program. Rider 20 states that funds appropriated to the Historic Courthouse Preservation Program may be used "for a courthouse or a historic structure previously designated by municipal ordinance as the legal center of a county and that is listed on the National Register of Historic Places." General Appropriations Act, 77th Leg., R.S., ch. 1515, art. I, 2001 Tex. Gen. Laws 5411, 5488. While this description may include historic courthouses that qualify for funding under general law, it also includes buildings that are not historic courthouses within the definition applicable to the Historic Courthouse Preservation Program. *See* TEX. GOV'T CODE

ANN. §§ 442.001(1), .0081-.0083 (Vernon Supp. 2002). To the extent that Rider 20 attempts to extend the benefits of the Historic Courthouse Preservation Program to buildings that do not qualify for funding under the applicable provisions of Government Code chapter 442, it is unconstitutional as an attempt to amend general law in violation of the "Unity-in-Subject" provision of article III, section 35 of the Texas Constitution.

## S U M M A R Y

Rider 20 to the Texas Historical Commission's current appropriation does not, as a matter of statutory construction, attempt to authorize the use of the Historic Courthouse Preservation Program funds for the preservation and restoration of a cathedral. If the rider did authorize such use, it would be unconstitutional under article III, section 35 of the Texas Constitution.

A rider to the General Appropriations Act that attempts to enact, repeal, or amend general law is invalid for violating the "Unity-in-Subject" requirement of Texas Constitution, article III, section 35. To the extent that Rider 20 attempts to amend general law governing historic courthouse preservation in violation of Texas Constitution, article III, section 35, it is unconstitutional and of no effect.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee